IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

EXCLUSIVELY CATS
VETERINARY HOSPITAL, P.C., a
Michigan corporation, individually and
as the representative of a class of
similarly-situated persons,

              Plaintiff,

v.

PHARMACEUTICAL CREDIT
CORPORATION, a Florida corporation
and JOHN DOES 1-10,

              Defendants.

Case No. 2013-CV-14376

## ANSWER TO CLASS ACTION COMPLAINT

Defendant, Pharmaceutical Credit Corporation, by and through its attorneys of record, in answer to the Class Action Complaint of Plaintiff, Exclusively Cats Veterinary Hospital, P.C., states:

### Preliminary Statement

1.    This case challenges Defendants' practice of sending facsimile advertisements without the proper opt-out notice as required by 47 C.F.R. 64.1200.

**Answer:   Defendant denies having a practice of sending facsimile advertisements without the proper opt-out notice as required by 47. C.F.R.64.1200.  Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 1 of Plaintiff's Class Action Complaint.**

2744431

2. The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a person or entity from sending or having an agent send fax advertisements without the proper opt- out notice, even for faxes sent by consent or pursuant to an established business relationship. The TCPA provides a private right of action and provides statutory damages of $500 per violation for a violation of the statue or the regulations promulgated by the FCC.

**Answer: Defendant denies the allegations contained in paragraph 2 of Plaintiff's Class Action Complaint because they state a legal conclusion.**

3. Plaintiff, as well as each member of the proposed Class, was sent a fax advertisement from Defendants with opt-out notices that failed to comply with the minimum requirements for opt-out notices.

**Answer: Defendant denies the allegations contained in paragraph 3 of Plaintiff's Class Action Complaint.**

4. On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the TCPA.

**Answer: Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 4 of Plaintiff's Class Action Complaint.**

5. Plaintiff seeks an award of statutory damages for each violation of the TCPA.

      **Answer:** Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 5 of Plaintiff's Class Action Complaint.

<b><u>Jurisdiction and Parties</u></b>

      6.    This court has personal jurisdiction over Defendants because Defendants transact business within this state, have made contracts within this state, and/or have committed tortious acts within this state and otherwise have sufficient minimum contacts with the State of Connecticut.

      **Answer:** Defendant denies the allegations contained in paragraph 6 of Plaintiff's Class Action Complaint.

      7.    Plaintiff, EXCLUSIVELY CATS VETERINARY HOSPITAL, P.C., is a Michigan corporation with its principal place of business within this judicial district.

      **Answer:** Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 7 of Plaintiff's Class Action Complaint.

      8.    On information and belief, Defendant, PHARMACEUTICAL CREDIT CORPORATION, is a Florida corporation with its principal place of business in Franklin, Tennessee.

2744431

**Answer:   Defendant admits the allegations contained in paragraph 8 of Plaintiff's Class Action Complaint.**

9.   John Does 1-10 will be identified through discovery, but are not presently known.

**Answer:   Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 9 of Plaintiff's Class Action Complaint.**

## Relevant Facts

10.   On or about September 17, 2013, Defendants sent an advertising facsimile to Plaintiff. A true and correct copy of the facsimile is attached as Exhibit A.

**Answer:   Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 10 of Plaintiff's Class Action Complaint.**

11.   Defendants approved, authorized and participated in the scheme to broadcast faxes by (a) directing a list to be purchased or assembled; (b) directing and supervising employees or third parties to send the faxes; (c) creating and approving the form of fax to be sent; and (d) determining the number and frequency of the facsimile transmissions.

2744431

**Answer:    Defendants denies the allegations contained in paragraph 11 of Plaintiff's Class Action Complaint.**

12.    Defendants created or made Exhibit A, which Defendants distributed to Plaintiff and the other members of the Class.

**Answer:    Defendant denies the allegations contained in paragraph 12 of Plaintiff's Class Action Complaint.**

13.    Exhibit A is a part of Defendants' work or operations to market Defendants' goods or services which were performed by Defendants and on behalf of Defendants.

**Answer:    Defendant denies the allegations contained in paragraph 13 of Plaintiff's Class Action Complaint.**

14.    Exhibit A constitutes material furnished in connection with Defendants' work or operations.

**Answer:    Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 14 of Plaintiff's Class Action Complaint.**

15.    Exhibit A hereto is material advertising the commercial availability of any property, goods, or services.

2744431

**Answer:** **Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 15 of Plaintiff's Class Action Complaint.**

16. The transmissions of Exhibit A to Plaintiff did not contain a notice compliant with 47 C.F.R. 64.1200, that informs the recipient of the ability and means to avoid future fax advertisements.

**Answer:** **Defendant denies the allegations contained in paragraph 16 of Plaintiff's Class Action Complaint.**

17. The transmissions of Exhibit A to Plaintiff did not contain a notice compliant with 47 C.F.R. 64.1200 that states that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under paragraph 47 C.F.R. 64.1200(a)(3)(v) of this section is unlawful.

**Answer:** **Defendant denies the allegations contained in paragraph 17 of Plaintiff's Class Action Complaint.**

18. The transmissions of Exhibit A to Plaintiff did not contain a notice that complied with the provisions of 47 U.S.C. § 227(b)(1)(C); 47 U.S.C. §§227(b)(2)(D)(ii); (iii); and (vi) and/or 47 C.F.R. 64.1200(a)(3).

6

2744431

**Answer:    Defendant denies the allegations contained in paragraph 18 of Plaintiff's Class Action Complaint.**

19.    The transmissions of Exhibit A to Plaintiff was required to contain a notice that complied with the provisions of 47 U.S.C. § 227(b)(1)(C); 47 U.S.C. §§227(b)(2)(D)(ii); (iii) and (vi); and/or 47 C.F.R. 64.1200(a)(3).

**Answer:    Defendant denies the allegations contained in paragraph 19 of Plaintiff's Class Action Complaint because they state a legal conclusion.**

20.    On information and belief, Defendants sent multiple advertising facsimiles to Plaintiff and members of the proposed Class, all without an opt-out notice compliant with 47 C.F.R. 64.1200, throughout the time period covered by the class definition.

**Answer:    Defendant denies the allegations contained in paragraph 20 of Plaintiff's Class Action Complaint.**

21.    On information and belief, Defendants faxed the same and similar facsimiles, all without an opt-out notice compliant with 47 C.F.R. 64.1200, to the members of the proposed Class.

**Answer:    Defendant denies the allegations contained in paragraph 21 of Plaintiff's Class Action Complaint.**

2744431

22. There is no reasonable means for Plaintiff (or any other Class member) to avoid receiving unlawful faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

**Answer: Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 22 of Plaintiff's Class Action Complaint.**

23. Defendants knew or should have known that: (a) Exhibit A was an advertisement; and (b) Defendants' faxes did not display an opt-out notice compliant with 47 C.F.R. 64.1200.

**Answer: Defendant denies the allegations contained in paragraph 23 of Plaintiff's Class Action Complaint.**

24. The transmission of Exhibit A to Plaintiff caused destruction of Plaintiff's, and each member of the proposed Class', property.

**Answer: Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 24 of Plaintiff's Class Action Complaint.**

25. The transmission of Exhibit A to Plaintiff interfered with Plaintiff's, and each member of the proposed Class', exclusive use of Plaintiff's property.

2744431

Answer: Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 25 of Plaintiff's Class Action Complaint.

26. The transmission of Exhibit A to Plaintiff interfered with Plaintiff's, and each member of the proposed Class', business and/or personal communications.

Answer: Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 26 of Plaintiff's Class Action Complaint.

### Telephone Consumer Protection Act, 47 U.S.C. § 227

27. Plaintiff brings this class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following Class of persons[1]:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendants, (3) which did not display an opt-out notice compliant with 47 C.F.R. 64.1200.

Answer: Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 27 of Plaintiff's Class Action Complaint.

28. A class action is warranted because:

---

[1] Plaintiff reserves the right to amend this class definition, and excludes from the Class Defendants, their employees and members of the judiciary.

    a.    On information and belief, the Class includes more than forty persons and is so numerous that joinder of all members is impracticable.

    b.    There are questions of fact or law common to the Class predominating over questions affecting only individual Class members, including without limitation:

        i.    Whether Defendants engaged in a pattern of sending fax advertisements;

        ii.    Whether Exhibit A contains material advertising the commercial availability of any property, goods or services;

        iii.    Whether Defendants' facsimiles advertised the commercial availability of property, goods, or services;

        iv.    The manner and method Defendants used to compile or obtain the list of fax numbers to which they sent Exhibit A and other faxed advertisements;

        v.    Whether Defendants violated the provisions of 47 USC § 227;

        vi.    Whether Plaintiff and the other Class members are entitled to statutory damages;

        vii.    Whether Defendants should be enjoined from faxing advertisements in the future;

        viii.    Whether the Court should award trebled damages;

        ix.    Whether Exhibit A displayed the proper opt out notice required by 47 C.F.R. 64.1200; and

        x.    Whether Exhibit A failed to include an opt-out notice compliant with 47 C.F.R. 64.1200.

**Answer:** **Defendant denies the allegations contained in paragraph 30, including all subparts, of Plaintiff's Class Action Complaint.**

2744431

29. Plaintiff will fairly and adequately protect the interests of the other Class members. Plaintiff's counsel are experienced in handling class actions and claims involving advertising faxes. Plaintiff's interests are the same as those of everyone else in the Class as Plaintiff was sent faxes with opt-out notice not in compliance with 47 C.F.R. 64.1200. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent Class members.

**Answer:** **Defendant denies the allegations contained in paragraph 29 of Plaintiff's Class Action Complaint.**

30. A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual Class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

**Answer:** **Defendant denies the allegations contained in paragraph 30 of Plaintiff's Class Action Complaint.**

31. The TCPA provides:

> <u>Private right of action.</u> A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> (A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

2744431

(B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) Both such actions.

**Answer: Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 31, including all subparts, of Plaintiff's Class Action Complaint.**

32. The Court, in its discretion, may treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

**Answer: Defendant denies the allegations contained in paragraph 32 because they call for a legal conclusion.**

33. The TCPA is a strict liability statute and the Defendants are liable to Plaintiff and the other Class members even if their actions were only negligent.

**Answer: Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 33 of Plaintiff's Class Action Complaint.**

34. Defendants' actions caused damages to Plaintiff and the other Class members. Receiving Defendants' junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendants' faxes. Moreover, Defendants' actions interfered with Plaintiff's use of its fax machine and telephone line connected to that fax machine. Defendants' fax cost Plaintiff time, as Plaintiff and

2744431

its employees wasted their time receiving, reviewing and routing Defendants' unlawful fax. That time otherwise would have been spent on Plaintiff's business activities. Finally, Defendants' fax unlawfully interrupted Plaintiff's and the other Class members' privacy interests in being left alone.

**Answer:** **Defendant denies the allegations contained in paragraph 34 of Plaintiff's Class Action Complaint.**

35. If the court finds that Defendants knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than three times the amount available under subparagraph (B) of this paragraph. 47 U.S.C. § 227(b)(3).

**Answer:** **Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 35 of Plaintiff's Class Action Complaint.**

36. Defendants knew or should have known that: (A) Exhibit A was an advertisement, and (B) Exhibit A did not display an opt-out notice compliant with 47 C.F.R. 64.1200.

**Answer:** **Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 36 of Plaintiff's Class Action Complaint.**

2744431

37. Defendants violated 47 U.S.C. § 227 et seq. by transmitting Exhibit A hereto to Plaintiff and the other members of the Class by not displaying an opt-out notice compliant with 47 C.F.R. 64.1200.

**Answer:  Defendant denies violating 47 U.S.C. § 227. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 37 of Plaintiff's Class Action Complaint.**

38. Defendants' actions caused damages to Plaintiff and the other Class members, because their receipt of Defendants' fax advertisements caused them to lose paper and toner consumed as a result. Defendants' actions prevented Plaintiff's (and the Class') fax machine from being used for Plaintiff's (and the Class') business purposes during the time Defendants were using Plaintiff's (and the Class') fax machine for Defendants' unauthorized purpose. Defendants' actions also cost Plaintiff (and the Class) employee time, as Plaintiff's (and the Class') employees used their time receiving, routing and reviewing Defendants' unauthorized faxes and that time otherwise would have been spent on Plaintiff's (and the Class') business activities. Finally, the injury and property damage sustained by Plaintiff and the other members of the Class occurred outside of Defendants' premises. Pursuant to law, Plaintiff, and each Class member, instead may recover $500 for each violation of the TCPA.

2744431

Answer: Defendant denies the allegations contained in paragraph 38 of Plaintiff's Class Action Complaint.

WHEREFORE, Defendant demands judgment in their favor and against Plaintiff, including the costs and fees associated with defense of this suit.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Defendant, for their Affirmative Defenses to Plaintiff's Class Action Complaint, states:

### FIRST AFFIRMATIVE DEFENSE

Any claims made by Plaintiff and against Defendant concerning unsolicited facsimile transfers are barred, in whole, or in part by 47 USC § 227(b)(1)(C) *et seq.*

### SECOND AFFIRMATIVE DEFENSE

Any claims made by Plaintiff and against Defendant concerning unsolicited facsimile transfers are barred, in whole, or in part under Article III of the United States Constitution because Plaintiff has not alleged receipt of unsolicited facsimiles. Without alleging the receipt of an unsolicited facsimile, Plaintiff lacks an injury-in-fact sufficient to give it standing to bring this suit.

### THIRD AFFIRMATIVE DEFENSE

Because Plaintiff lacks standing to bring this suit under Article III of the United States Constitution, it has failed to establish the existence of an actual

2744431

controversy to be decided by this Court. Accordingly, this Court lacks subject-matter jurisdiction over the claims and controversies alleged by Plaintiff.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is barred, in whole or in part, from maintaining its alleged causes of action because, upon information and belief, it had an existing business relationship with Defendants.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff is barred, in whole or in part, from maintaining its alleged causes of action by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred, in whole or in part, from maintaining its alleged causes of action by the doctrine of in pari delicto.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's recovery is barred, in whole or in part, due to its failure to mitigate its damages.

### NINTH AFFIRMATIVE DEFENSE

2744431

Plaintiff's claims are barred because it provided, upon information and belief, express consent, invitation, and/or permission to receive information from Defendants.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the United States District Court for the Eastern District of Michigan lacks personal jurisdiction over the Defendant.

### ELEVENTH AFFIMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because venue is improper in the United States District Court for the Eastern District of Michigan.

Respectfully submitted,

Jaffe Raitt Heuer & Weiss, P.C.

By:  /s/ James J. Parks
James J. Parks (P39742)
27777 Franklin Road, Suite 2500
Southfield, Michigan 48034
(248) 351-3000
jparks@jaffelaw.com

Date:  April 2, 2014

2744431

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2014 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record.

>By:  /s/ James J. Parks
>James J. Parks (P39742)
>Jaffe Raitt Heuer & Weiss, P.C.
>27777 Franklin Road, Suite 2500
>Southfield, Michigan 48034
>(248) 351-3000
>jparks@jaffelaw.com

2744431