UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Exclusively Cats Veterinary
Hospital, P.C.,

                Plaintiff,

v.

Pharmaceutical Credit Corp., et al.,

                Defendants.
_____/

Case No. 13-cv-14376
Hon. Judith E. Levy

**ORDER PARTIALLY GRANTING PLAINTIFF'S [28] AMENDED MOTION TO STRIKE DEFENDANTS' [20] AFFIRMATIVE DEFENSES OR FOR MORE DEFINITE PLEADING**

This action is brought by plaintiff Exclusively Cats Veterinary Hospital, Inc. against defendant Pharmaceutical Credit Corp for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 277. Defendant allegedly sent to plaintiff an unsolicited fax advertisement that did not contain the opt-out notice required by 47 C.F.R. § 64.1200(a)(3). Plaintiff seeks both monetary and injunctive relief. (Dkt. 1, Compl. ¶¶ 38(B)-(E)). Plaintiff filed its complaint on October 16, 2013 (Dkt. 1), and defendant filed its answer on April 2, 2014 (Dkt. 20).

Before the Court is plaintiff's Amended Motion to Strike Defendants' Affirmative Defenses or for More Definite Pleading. (Dkt. 28). Plaintiff urges the Court to apply the heightened pleading standard articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) to defendant's affirmative defenses. (*Id.* at 6). In plaintiff's view, application of that standard requires striking affirmative defenses 4, 5, 6, 7, and 9. (*Id.* at 8-11). Plaintiff also maintains that affirmative defenses 5, 7, and 8 must be stricken because they are immaterial or legally insufficient. (*Id.*). For affirmative defense 1, and, should the Court decline to strike affirmative defenses 4, 7, and 9, for those defenses as well, plaintiff asks the Court to require defendants to submit a more definite statement. (*Id.* at 8, 10, 11-12). For the reasons discussed below, the Court will partially grant plaintiff's motion with respect to affirmative defenses 1 and 8 only.

**I.   Standard**

  A.   More definite statement

Fed. R. Civ. P. 12(e) permits a court, on a party's motion, to order "a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot

reasonably prepare a response." Under Rule 7(a), a reply to an answer is allowed, but only "if the court orders one." The Court will therefore construe an answer as a "pleading to which a responsive pleading is allowed" to which Rule 12(e) applies.

    B.    <u>Striking a pleading</u>

Fed. R. Civ. P. 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." An affirmative defense is insufficient where "as a matter of law, the defense cannot succeed under any circumstances." *Specialized Pharm. Servs., LLC v. Magnum Health & Rehab of Adrian, LLC*, No. 12-12785, 2013 WL 1431722, at *5-6 (E.D. Mich. Apr. 9, 2013).

Striking a pleading "is a drastic remedy" that "should be sparingly used by the courts." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953). "The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *Id.*

Plaintiff argues that courts may also strike affirmative defenses for "failure to meet the relevant pleading standards," citing *Safeco Ins. Co. of America v. O'Hara Corp.*, No. 08-10545, 2008 WL 2558015, at *1 (E.D. Mich. June 25, 2008). (Dkt. 28, Pl.'s Br. 5). Plaintiff further

3

maintains the "relevant pleading standard" is that articulated in *Twombly* and *Iqbal*. (*Id.* at 6).

### C. Application of *Twombly* and *Iqbal* to affirmative defenses

The Sixth Circuit has not yet determined whether the heightened pleading standard applicable to claims for relief also applies to affirmative defenses. Defendant cites *Lawrence v. Chabot*, a case decided before *Twombly* and *Iqbal*, in which the Sixth Circuit upheld a magistrate judge's refusal to strike affirmative defenses under the fair notice standard. 182 F. App'x 442, 456-57 (6th Cir. 2006) ("An affirmative defense may be pleaded in general terms and will be held to be sufficient ... as long as it gives plaintiff fair notice of the nature of the defense"). In this regard, the Sixth Circuit (again pre-*Twombly* and *Iqbal*) has held the affirmative defense "Plaintiffs' claims are barred by the doctrine of *res judicata*" sufficient under Rule 8(c). *Davis v. Sun Oil Co.*, 148 F.3d 606, 612 (6th Cir. 1998). Defendant maintains that, in the absence of Sixth Circuit guidance to the contrary, *Lawrence* still controls. *See Hahn v. Best Recovery Servs., LLC*, No. 10-12370, 2010 WL 4483375, at *2 (E.D. Mich. Nov. 1, 2010).

Another Sixth Circuit case, *Montgomery v. Wyeth*, 580 F.3d 455, 467-68 (6th Cir. 2009), lends support to defendant's position. In

4

*Montgomery*, decided after both *Twombly* and *Iqbal*, the court held that "[t]he Federal Rules of Civil Procedure do not require a heightened pleading standard for a statute of repose defense." *Montgomery*, 580 F.3d at 468. The court went on to cite Rule 8(b)(1)'s requirement that a party "state in short and plain terms its defenses to each claim," as well as the fair notice standard in *Conley v. Gibson*, 355 U.S. 41, 47 (1957). *Montgomery*, 580 F.3d at 468.

District courts in this Circuit are divided over the application of *Twombly* and *Iqbal* to affirmative defenses. *Compare, e.g., Safeco,* 2008 WL 2558015, at *1 (applying *Twombly* standard to affirmative defenses) *with Int'l Outdoor, Inc. v. City of Southgate*, No. 11-14719, 2012 WL 2367160, at *7-9 (E.D. Mich. Apr. 6, 2012) (declining to apply *Twombly* and *Iqbal* to affirmative defenses and citing cases). The primary reasons courts give for applying the heightened standard to affirmative defenses are the desirability of avoiding unnecessary discovery costs and the similarity in language between Rules 8(a) and 8(b). *See HCRI TRS Acquirer, LLC v. Iwer*, 708 F. Supp. 2d 687, 690-91 (N.D. Ohio 2010).

Courts declining to apply the heightened pleading standard to affirmative defenses have tended to focus on the difference in language

5

of Rules 8(a) and 8(b), or on the fact that the holdings in *Twombly* and *Iqbal* were limited to Rule 8(a). As to language, Rule 8(a) requires a "short and plain statement of the claim <u>showing</u> the pleader is entitled to relief" (emphasis added), while Rule 8(b) only requires a statement "in short and plain terms" of "defenses to each claim." *See Iqbal*, 556 U.S. at 679 (stating that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief" (internal quotation marks omitted)). Moreover, as at least one other decision in this district has pointed out, Rule 8(c) governs affirmative defenses and contains no language similar to that in Rule 8(a). *First Nat. Ins. Co. of America v. Camps Servs., Ltd.*, No. 08-12805, 2009 WL 22861, at *2 (E.D. Mich. Jan. 5, 2009).

In sum, controlling Sixth Circuit law and the language of the applicable rules weigh against application of *Twombly* and *Iqbal*'s heightened pleading standard to defendant's affirmative defenses here. The policy rationale of containing discovery costs, while undeniably important, is not enough to tip the scales in the other direction. The Court will therefore apply the fair notice pleading standard in

determining whether defendant's affirmative defenses merit a more definite statement under Rule 12(e) or striking under Rule 12(f).

## II. Affirmative defenses

### A. Affirmative defense no. 1

Defendant's affirmative defense number 1 states that plaintiff's claims are barred in whole or in part by 47 USC § 227(b)(1)(C) *et seq*. Plaintiff argues this defense is vague and the Court should therefore order defendant to provide a more definite statement of this defense. The Court agrees. Plaintiff cannot reasonably prepare a response to this defense without at least knowing which provision of the TCPA allegedly bars plaintiff's claims. The Court will therefore order defendant to provide a more definite statement of this defense pursuant to Rule 12(e).

### B. Affirmative defense no. 4

Affirmative defense number 4 states that plaintiff had an existing business relationship with defendant. Plaintiff maintains this defense meets neither the fair notice standard nor the heightened pleading standard under *Twombly* and *Iqbal*. Alternatively, plaintiff argues the Court should order defendant to provide a more definite statement of the facts supporting this defense.

Section 227 of the TCPA prohibits sending an unsolicited advertisement to a fax machine unless the sender has an "established business relationship" with the recipient. 47 U.S.C. § 227(b)(1)(C)(i). According to section 227(a)(2), "established business relationship" has the meaning given in 47 C.F.R. § 64.1200, which defines the phrase as:

> a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a residential subscriber with or without an exchange of consideration, on the basis of the subscriber's purchase or transaction with the entity within the eighteen (18) months immediately preceding the date of the telephone call or on the basis of the subscriber's inquiry or application regarding products or services offered by the entity within the three months immediately preceding the date of the call, which relationship has not been previously terminated by either party.

The defense thus gives notice to plaintiff that defendant is claiming 1) plaintiff and defendant voluntarily communicated on the basis of either 2) a transaction between plaintiff and defendant within the 18 months before September 17, 2013, the date defendant allegedly sent an advertising fax to plaintiff, or 3) plaintiff's inquiry or application regarding defendant's products or services within the three months before September 17, 2013.

The Court finds this defense adequately pled under the fair notice standard. Moreover, this defense is not "so vague or ambiguous" that plaintiff "cannot reasonably prepare a response," nor is it unable "to succeed under any circumstances." Neither a more definite statement nor striking is justified here. The Court will therefore deny plaintiff's motion with respect to affirmative defense number 4.

### C. Affirmative defense no. 5

Affirmative defense number 5 states that plaintiff's claims are barred by the doctrine of unclean hands. Plaintiff maintains this defense meets neither the fair notice standard nor the heightened pleading standard under *Twombly* and *Iqbal*. Plaintiff also argues that equitable defenses are "irrelevant and immaterial to whether Defendant violated the TCPA." (Dkt. 28, Pl.'s Br. 9).

As to the former argument, the Court finds this defense, as stated, provides adequate notice to plaintiff under the fair notice standard.

Plaintiff cites two unpublished district court cases in support of the latter argument. In the first case, *Bruce v. Ocwen Loan Servicing, LLC*, No. 12-1561, 2012 WL 4867224, at *2 (M.D. Fla. Oct. 15, 2012), the court struck the defense of unclean hands as "immaterial" to whether the defendant violated the TCPA, without further explanation.

9

The second, *The Flag Co. v. Maynard*, No. 05-1194, 2006 WL 2225816, at *2 (D. Or. Aug. 1, 2006) does not support plaintiff's argument: while the court did strike an unclean hands defense to a TCPA claim, it did so because the defense was inadequately pled under Rule 8(b). These cases thus provide thin support for plaintiff's position.

The TCPA provides for injunctive relief. 47 U.S.C. § 227(b)(3)(B). Plaintiff here seeks injunctive relief. (Dkt. 1, Compl. ¶ 38(C)). The doctrine of unclean hands "refers to the maxim that one who seeks equitable relief in the form of an injunction must do so with clean hands." *Blankenship v. Blackwell*, 341 F.Supp. 2d 911, 924 (S.D. Ohio 2004). Regardless of whether the defense of unclean hands is relevant to defendant's <u>liability</u>, it may be relevant to plaintiff's requested <u>relief</u>.

The Court will therefore deny plaintiff's motion with respect to affirmative defense number 5.

### D. <u>Affirmative defense no. 6</u>

Affirmative defense number 6 states that plaintiff's claims are barred by the applicable statute of limitations. Plaintiff argues this defense should be stricken as inadequately pled under the fair notice and *Twombly / Iqbal* pleading standards, as defendant fails to identify the applicable statute of limitations. (Dkt. 28, Pl.'s Br. 9-10).

The TCPA does not expressly provide a statute of limitations for a private right of action. Private causes of action arising under a federal statute enacted after December 1, 1990 are subject to a four-year statute of limitations. 28 U.S.C. § 1658. For some time, courts interpreted the TCPA to require application of the relevant state law statute of limitations. *See Compressor Eng'g Corp. v. Chicken Shack, Inc.*, No. 10-10059, 2013 WL 4413752, at *3-4 (E.D. Mich. Aug. 15, 2013). However, in the wake of the Supreme Court's holding in *Mims v. Arrow Fin. Servs.*, 132 S. Ct. 740, 753 (2012) that "federal law . . . specifies the substantive rules of decision" under the TCPA, courts, including those in this District, have held that the federal four-year limitations period applies to TCPA claims. *Giovanello v. ALM Media, LLC*, 726 F.3d 106, 115 (2d Cir. 2013); *Chicken Shack*, 2013 WL 4413752, at *4; *Bridging Communities, Inc. v. Top Flite Financial, Inc.*, No. 09-14971, 2013 WL 185397, at *5 (E.D. Mich. Jan. 17, 2013).[1]

While the Sixth Circuit has not directly addressed the issue, it has cited approvingly the Second Circuit's *Giovanello* decision in holding that Fed. R. Civ. P. 23, not the relevant state court rule, applies to

---

[1] While not part of its determination of the adequacy of notice, the Court notes that plaintiff's counsel in this case represented plaintiffs in both *Chicken Shack* and *Bridging Communities*, and therefore should readily anticipate which statutes of limitations may be applicable.

11

TCPA class actions in federal courts. *Am. Copper & Brass, Inc. v. Lake City Indus. Prods., Inc.*, 757 F.3d 540, 545-6 (6th Cir. 2014).

In short, the universe of potentially applicable statutes of limitations here is limited. The Court therefore finds this defense gives plaintiff adequate notice under the fair notice standard and denies plaintiff's motion with respect to affirmative defense number 6.

### E. Affirmative defense no. 7

Affirmative defense number 7 states that plaintiff's claims are barred by the doctrine of *in pari delicto*. Plaintiff maintains this defense is not only inadequately pled under the fair notice and *Twombly / Iqbal* standards, but also is legally insufficient, because the TCPA imposes strict liability. Alternatively, plaintiff argues the Court should order defendant to provide a more definite statement of the facts supporting this defense.

Defendant counters that plaintiff's argument raises factual issues inappropriate for a motion to strike. (Dkt. 29, Def.'s Resp. 7). But plaintiff raises a legal issue – whether "as a matter of law, the defense cannot succeed under any circumstances" – not a factual one.

The Court notes that neither party has cited authority bearing on the question of whether the defense of *in pari delicto* can apply to a claim of violation of a statute imposing strict liability.

"The equitable defense of *in pari delicto*, which literally means 'in equal fault,' is rooted in the common-law notion that a plaintiff's recovery may be barred by his own wrongful conduct." *Pinter v. Dahl*, 486 U.S. 622, 632 (1988).  The Supreme Court noted in *Pinter* that "[c]ourts have recognized the defense in cases involving strict liability offenses" and that "[in] circumstances in which the statutory goal of deterring illegal conduct is served more effectively by preclusion of suit than by recovery . . . the *in pari delicto* defense should be afforded." *Id.* at 633-34 (holding recognition of *in pari delicto* defense proper in private rescission action brought under § 12(1) of the Securities Act of 1933).

*Pinter* thus precludes plaintiff's argument that *in pari delicto* cannot under any circumstances apply to an alleged violation of a statute imposing strict liability.[2]  The Court further finds this defense meets the fair notice pleading standard.  The Court will accordingly deny plaintiff's motion with respect to affirmative defense number 7.

---

[2] The Court need not address at this time whether the *in pari delicto* defense is in fact available against TCPA claims.

F. <u>Affirmative defense no. 8</u>

Affirmative defense number 8 states that plaintiff's recovery is barred, in whole or in part, for failure to mitigate damages. Plaintiff argues this defense should be stricken as insufficient, because 1) TCPA damages are compensatory, and 2) the TCPA imposes strict liability.

As with defense number 7, defendant maintains that plaintiff raises factual issues inappropriate for a motion to strike. (Dkt. 29, Def.'s Resp. 7). But again, plaintiff raises a legal issue – whether a failure to mitigate defense can succeed under any circumstances – not a factual one.

Private TCPA plaintiffs may recover "actual monetary loss from . . . a violation, or . . . $500 in damages for each . . . violation, whichever is greater." 47 U.S.C. § 227(b)(3)(B). A court may increase the damage award by up to three times, if the defendant willfully or knowingly violates the TCPA or related regulations. *Id.* § 227(b)(3)(C). A plaintiff's actual damages could theoretically be greater than $500 per unsolicited fax, but a failure to mitigate damages could not apply to the statutory damages of $500 per violation (or up to $1500 for willful or knowing violations). And it is clear from the complaint that plaintiff

seeks only the statutory damages of $500-$1500 per violation. (*See* Dkt. 1, Compl. ¶¶ 38, 38(A)).

The TCPA imposes no duty on recipients of unsolicited fax advertisements to mitigate damages by asking the sender to stop transmitting such advertisements. *Powell v. West Asset Mgmt.*, 773 F. Supp. 2d 761, 764 (N.D. Ill. 2011) (citing Federal Communications Commission, *In re 21st Century Fax(es) Ltd.*, Enforcement Action Letter, Case No. EB-00-TC-001 (March 8, 2000)). District courts addressing this issue have found the defense of failure to mitigate damages inapplicable to private TCPA claims. *Powell*, 773 F. Supp. 2d at 764 (striking affirmative defense of failure to mitigate in private TCPA action and citing cases).

The Court finds *Powell* and the cases cited therein, as well as the FCC interpretation, persuasive. More importantly, plaintiff here only seeks statutory damages. Affirmative defense number 8 therefore "cannot succeed under any circumstances," *Specialized Pharm. Servs.*, 2013 WL 1431722, at *6, and will be stricken as insufficient. Should plaintiff amend its complaint to seek actual damages exceeding the statutory amount, defendant may seek leave to amend its answer accordingly.

G. <u>Affirmative defense no. 9</u>

Affirmative defense number 9 states that plaintiff's claims are barred because plaintiff provided "express consent, invitation, and/or permission to receive information from defendants." (Dkt. 20, Def.'s Ans. 17). Plaintiff argues this defense should be stricken as inadequately pled under the fair notice and *Twombly / Iqbal* pleading standards.

The Court finds plaintiff has been provided adequate notice of this defense, which essentially alleges that defendant had permission to send the fax advertisement at issue to plaintiff. *See Davis,* 148 F.3d at 612. The Court therefore will deny plaintiff's motion with respect to affirmative defense number 9.

### III. Conclusion

Accordingly, plaintiff's motion for a more definite statement is GRANTED with respect to affirmative defense number 1;

Defendant must file a more definite statement of its affirmative defense number 1 no later than October 6, 2014;

Plaintiff's motion to strike is GRANTED with respect to affirmative defense number 8; and

Plaintiff's motion to strike or for a more definite pleading is DENIED with respect to affirmative defenses 4, 5, 6, 7, and 9.

IT IS SO ORDERED.

Dated: September 22, 2014　　　　/s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 22, 2014.

　　　　　　　　　　　　　　　　/s/Amanda Chubb
　　　　　　　　　　　　　　　　AMANDA CHUBB
　　　　　　　　　　　　　　　　Case Manager